John S. Lockman, J.
These two actions are decided together since they involve the identical question, to wit: in an eviction action under eminent domain condemnation, does the court have jurisdiction when the statutory notice to quit has not been served the required time before the date of the petition?
These facts are established: the State condemnation proceeding for a grade crossing elimination has proceeded to the point where the State may commence this eviction action against the respondents in possession. The notice to quit was served against all the respondents on September 14, 1965, and the petition is dated and verified October 20, 1965, 37 days later.
At the hearing of the motion to dismiss, the State moved to amend the petition to substitute section 8205 of the Unconsolidated Laws [Grade Crossing Elimination Act, § 5, subd. 19; L. 1928, ch. 678, as amd.] requiring 40 days’ notice, for section 30 of the Highway Law requiring 60 days’ notice. Decision was reserved and since the ultimate result under either section is the same, for purposes of this motion the amendment will be considered as though it were granted.
Subdivision 19 of section 8205 of the Unconsolidated Laws provides: “ the petition shall be preceded by forty days’ notice to quit, served in the manner prescribed by section seven hundred thirty-five of the real property actions and proceedings law, and the giving of such notice shall be stated in the petition.” (L. 1928, ch. 678, § 5, as amd. by. L. 1962, ch. 311, § 33.)
Obviously the State has failed to comply with this requirement. But is this failure jurisdictional necessitating the dismissal of this action? The answer is in the affirmative. It is found in Blozevich v. Tasber (116 N. Y. S. 2d 801, 804-805) in this language: “ A summary proceeding is a statutory remedy and the petition must be strictly construed. The service of a proper notice against a tenant holding over, is a jurisdictional fact, which must be properly pleaded and proved. If the notice is defective or insufficient, the proceeding falls. The notice cannot be amended upon the trial and no facts can be induced as a jurisdictional ground for the proceeding, which are not included in the original notice
Accordingly, motion to dismiss the petition for lack of jurisdiction as to Reliance Fuel Oil Corp., Mrs. Abraham Albert Comet, Dunn Hardware, and Newsday is granted. This decision does not affect the final judgment consented to by Nassau-Suffolk Lumber and Supply Co.